May it please the Court. I'm Robert Jobe, and I'm appearing today on behalf of the petitioner, Satya Group Singh Randhawa. On Monday afternoon, the government asked this Court to remand Mr. Randhawa's petition to the Board to allow the Board to, quote, more fully articulate its reasoning, unquote. The government doesn't suggest that it's changed its position on the merits or that there have been any recent developments that the Board should consider in the first instance. It certainly doesn't suggest that the Board did anything wrong in finding that Judge Jensen's order vacating Mr. Randhawa's conviction on Sixth Amendment grounds has no effect under the Immigration and Nationality Act. Now, it moved for remand two days before oral argument because it would like the Board at least to try and offer a better justification for its conclusion that Mr. Randhawa remains convicted of an aggravated felony despite Judge Jensen's order. But if the government believed that the Board had not, quote, fully articulated its reasoning, it could have moved to remand this case a year ago. But it didn't. It waited until its motion to dismiss had been denied, the briefing had all been done, the case had been set for oral argument, and the identity of the panel had been disclosed to make its motion. This Court should not allow the government to wait until the identity of the panel is Moreover, there's nothing, absolutely nothing unclear about the Board's order in this case. The Board refused to give Judge Jensen's order vacating Mr. Randhawa's conviction effect for two reasons. First, it said that Judge Jensen's order is of no moment because it, quote, primarily concerns the immigration and immigration consequences and hardships. And second, it said under the law of this circuit, including Espinoza-Murillo, authored by Judge Hawkins and joined by Judge Candy, that Mr. Randhawa remains convicted under the act of the relevant offense regardless of the reasoning behind the order vacating the conviction. Now, this Court has never said that. It has never said that the reasoning behind a court order vacating a conviction is irrelevant. In fact, in Lujan Armendariz, this is 222 F. 3rd at 746, it said the opposite. It said, quote, Congress did not intend that a conviction subsequently overturned on the merits, either because of a finding of insufficient evidence or because of a basic procedural inadequacy such as a violation of the right to counsel could serve as a basis for deportation. That basic principle resolves this case. When Judge Jensen vacated Mr. Randhawa's conviction, he specifically found that Mr. Randhawa had met both prongs of the Strickland v. Washington test for proving a violation of the Sixth Amendment right to the effective assistance of counsel. Does it make any difference what the ineffective assistance consisted of? I don't believe so, Your Honor. As long as it was, in your view, as long as it was a constitutional violation? Yes. The critical distinction here is this. Was the conviction vacated simply to avoid deportation, or was there a legal justification for it? Was there a Sixth Amendment violation or some other constitutional justification for vacating the conviction? If it's the latter, the conviction does not stand. I have done yes to that. And is there a point beyond which, a point in time beyond which this vacation of the conviction would be ineffective? In other words, your client has not yet been removed. Right. I understand that. I guess that's the key to you, I gather. Exactly. He has not been removed. The deportation order has not been executed. The board, for whatever reason, treated his motion to reopen as timely. It didn't treat it as an untimely motion. And it went right to the merits. It went to the merits. Yes. So the only issue before this Court, you know, is that presented by the board's decision, and that is whether or not the Judge Jensen's order vacating the conviction has legal effect. And certainly our view is that it does. All right. Mr. Sandu. Good morning, Your Honors. May it please the Court, I'm happy to stand to you on behalf of the Respondent in this case. Your Honors, let me begin by apologizing for the late filing of this motion. It was only recently that I was able to carefully review this case, confer with agency counsel, and obtain its position after once again reviewing issues in this case. What is there to clarify? Your Honor, I think there – what there is to clarify is to determine whether a conviction remains valid for immigration purposes when the underlying violation goes to deportation consequences. So that in this case, for example, the consequences of the Sixth Amendment violation are – I don't understand that. When it goes to immigration consequences, I mean, whenever a conviction of somebody who is here unlawfully is vacated, it has immigration consequences. That can't be what you mean. No, I'm sorry. What I'm trying to explain is that, you know, this Court and many other courts have held that deportation is a collateral consequence, not a direct consequence of a guilty plea. Sure. There might have been a good ground for the government to appeal a vacation of conviction, but they didn't do that. Yes, Your Honor. And we recognize that there is a Sixth Amendment finding here, a violation of the Sixth Amendment. I think what we would like to have the opportunity is for the agency to reconsider this issue, particularly in this case. It didn't specifically address the question of whether – and I think what the agency is trying to figure out is when the alien of the immigration consequences, then there is a question about whether or not there is a conviction for purpose of immigration  What difference does it make what the description of the ineffective assistance consists of? What difference does it make? Well, suppose the reason for the vacation under Strickland was that the attorney had misadvised the defendant on the quantum of punishment he or she might face. Would that make a difference for immigration purposes? For immigration, it would have immigration consequences. I would imagine it's exactly this case. Yes. But the reason Judge Genshin vacated on Sixth Amendment grounds pursuant to Strickland was that the defense attorney had misadvised this petitioner as to the quantum of punishment he faced if he pled guilty. Just flat-out misadvised him. On his criminal sentence. Yes. Would that make any difference for immigration purposes as to whether it constituted a conviction or not? I think, Your Honor, I think that that's a case that would be more difficult for the government to defend, but I don't think the board has specifically addressed that issue. That's part of the reason why we're asking the Court to let the board more fully articulate its reasoning. Let me walk through this a little bit, because I'm having a little difficulty understanding why in this kind of case we would send it back for clarification or to let the board do it. If I understand what happened correctly, Ronhalo makes a request to reopen sui spondi. The board, in fact, treats it as a merits-based reopening. And it bases its decision on a merits-based case, which is Pickering. That's correct, Your Honor. And Pickering held that vacating a conviction because of a post-conviction event, such as rehabilitation or immigration hardship, is different from vacating a conviction on a substantive basis. Okay? Now, that's just flat-out inapplicable to this case. You're just wrong. So if it's wrong, why don't we just simply say that? I mean, why should we not say it and send it back for the board to gen up some other reason? Well, Your Honor, I think the agency would like to have the opportunity to ---- Well, I'm sure it would, but it's already had it. So given the posture, it's not like sending something back for further fact findings if we found a record was deficient. Here the board took the case, cited its own precedent of Pickering, which is just crazy in the context of this case. It has nothing to do with it. And so why don't we just simply say it's grant the petition. It's wrong. The conviction was vacated. You cannot deport somebody when their conviction has been vacated on substantive grounds. End of it. Yes, Your Honor. I think ---- I agree. Pickering is a much different case, and that's part of why we're asking that the agency have another opportunity, because it's not ---- I think that the agency may take the position that there's a distinction between substantive grounds, that really ---- Well, they already took it in Pickering. They just chose the wrong half of Pickering, didn't they, basically? Well, I think what they may want to take the position if the case is remanded, and they may not. The other reason for why a remand here is a good idea is because they just may find that they're not going to contest this case, and that would avoid a decision by the Federal courts. But it would also give the agency the opportunity to distinguish. And I'm sorry if I'm not being clear, but this is ---- it's really the reasoning that was set forth in our briefs is that when you have a violation like this where the very violation is the failure to advise the alien of the immigration consequences. This is what good lawyers do when they have a defect in a case and they discover it. They go to their client and say, you screwed up. Fix it. And that tool is in your hands from the moment the Board made its decision. Yes, Your Honor, I understand that. And ---- Maybe there's some supervisor up the DOJ line that wouldn't approve of doing that, but that's what good lawyers do. They turn to their client and say, this is a bad horse to ride. Yes, Your Honor, I understand that. That's a ---- you know, part of our review process was consulting with the agency. And they did ---- And you'll forgive us if we are a little bit suspicious and scratch our heads when you only decide to do that after you know who the panel is. I understand completely. I apologize to the Court for that. But I can assure you, you know, as officer of the Court, that that did not play a role in the consideration to remand. But the way that the events occurred, this did ---- it was difficult to have this earlier. But we do think ---- Why? Well, Your Honor, I was only recently able to review this case carefully and be able to confer with agency counsel, get the agency counsel to actually consider the issues in this case and to actually come to a determination of what they wanted to do in this case. And they did agree to authorize me to represent, as you know from our motion, to ask the Court to remand this case, to vacate the immigration order. And, again, I must stress that it's fairly likely, I'm not sure how likely, but it is likely that upon their further review that they may determine that this case does merit reopening. So we would ask the Court to grant the government's motion. Thank you. All right. Thank you. Anything that you feel that you need to say? I have only one thing to say. Obviously, if the government would concede at this point that the conviction no longer stands, we would not oppose a remand. But that's not the posture we have. Because we don't have that concession, we ask this Court to rule on the merits of our petition. It's a simple case, but this is a question that comes up repeatedly, and I just don't feel comfortable having the government – there's an appearance here that the government is jockeying for a better panel. And I just don't think the Court should allow that. Thank you.
judges: Canby, Rymer, Hawkins